UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES ROTH, an individual

    Plaintiff,

v.                                                                     Case No:   2:14-cv-227-FtM-29CM

ABCW, LLC and CATARINO A.
BORREGO,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion to Compel Production of Documents and Incorporated Memorandum of Law (Doc. 23), filed on August 7, 2015. The time for Defendants to file a response in opposition to the motion has expired, and no opposition has been filed. Failure to file a response creates a presumption that the motion is unopposed. *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012) (citation omitted). The motion is now ripe for review.

Plaintiff seeks to compel the responses to discovery served on Defendants on April 27, 2015. Doc. 23 at 1. Plaintiff served interrogatories and requests for production. *Id.* The responses were due on or before May 27, 2015. *Id.* Defendants' former counsel notified Plaintiff that his clients were completely "awol," and he had been unable to get in contact with him. *Id.* at 1-2. To date Defendants have not responded. *Id.*

Defendants' counsel filed a motion to withdraw as counsel because he had been unable to make contact with his clients. Doc. 21. The undersigned granted the

motion and ordered Defendant Borrego to inform of the Court as to whether he intends to proceed *pro se* and directing Defendant ABCW to retain new counsel. Doc. 22. Both Defendants failed to comply with the Court's Order. Thus, the Court issued an Order directing Defendant Borrega to show cause as to why he failed to secure counsel or inform the Court that he intends to proceed *pro se*. Doc. 25. The Order also directed Defendant ABCW to show cause has to why it failed to secure counsel. *Id.* Both Defendants again failed to respond to the Court's Order.

The Court reminds Defendants that while individuals are permitted to represent themselves *pro se*, corporations must be represented by counsel because corporations are artificial entities that only can act through agents. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)(citing *Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981); *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir. 1982)). Therefore, Defendant Borrega is entitled to proceed *pro se,* but Defendant ABCW must be represented by counsel.

The Court will allow Defendant ABCW one additional opportunity to retain counsel. Defendant ABCW has up to and including September 14, 2015, to engage new counsel and have counsel file a notice of appearance in this action.

Defendant Borrega is informed even though currently he is proceeding *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). Failure to comply with the

Court's Orders or the Federal or Local Rules could result in a default judgment being entered against him.

The Court has discretion when entering a default judgment. *Pitts ex. rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1356 (S.D. Ga. 2004). When the Court is evaluating whether to enter a default judgment, all of "[t]he well-pleaded factual allegations of the Complaint are accepted as true, except those related to damages." *Id.* If the Court determines that a default judgment should be entered, damages may be awarded to Plaintiff without a hearing as long as the damages are for a liquidated amount and Plaintiff can establish that amount is reasonable. *Id.* Defendants cannot continue to ignore the Court's directives without consequences.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Production of Documents and Incorporated Memorandum of Law (Doc. 23) is **GRANTED**.

2. Defendant ABCW shall have up to and including **September 14, 2015** to retain counsel and have counsel file a notice of appearance in this action. **If Defendant ABCW fails to retain new counsel by this date, the Court will recommend that a default judgment be entered against Defendant ABCW without further notice.**

3. Defendant Borrega and Defendant ABCW shall have up to and including **September 30, 2015** to respond to Plaintiff's interrogatories and request for production. **If either Defendant fails to comply provide the discovery responses by**

this date, the Court will recommend that a default judgment be entered against them without further notice.

      **DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record