UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES ROTH, an individual

    Plaintiff,

v.                                    Case No:  2:14-cv-227-FtM-29CM

ABCW, LLC and CATARINO A. BORREGO,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Notice of Defendants' Noncompliance re: Doc. 27 (Doc. 28). For the reasons set forth below, the Court recommends that Defendants' Answer and Affirmative Defenses (Doc. 12) be stricken as to both Defendants and that the clerk enter a default against them.

Plaintiff sought to compel the responses to discovery served on Defendants on April 27, 2015. Doc. 23 at 1. Plaintiff served interrogatories and requests for production. *Id.* The responses were due on or before May 27, 2015. *Id.* To date Defendants have not responded. *Id.* The Court gave Defendant Borrega and Defendant ABCW up to and including September 30, 2015 to respond to Plaintiff's interrogatories and request for production. *Id.* at 3. The Court cautioned

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Defendants that if they failed to comply with the Court's Order, the Court would recommend that a default judgment be entered against them without further notice. *Id.* To date Defendants have failed to comply. Accordingly, the Court recommends that a default judgment be entered against them.

Additionally, Defendants' counsel filed a motion to withdraw as counsel because he had been unable to make contact with his clients. Doc. 21. The undersigned granted the motion and ordered Defendant Borrego to inform of the Court as to whether he intends to proceed *pro se* and directing Defendant ABCW to retain new counsel. Doc. 22. Both Defendants failed to comply with the Court's Order. Thus, the Court issued an Order directing Defendant Borrega to show cause as to why he failed to secure counsel or inform the Court that he intends to proceed *pro se*. Doc. 25. The Order also directed Defendant ABCW to show cause has to why it failed to secure counsel. *Id.* Both Defendants again failed to respond to the Court's Order. The Court allowed Defendants one final opportunity to comply with the Court's Order. Doc. 27. The Court allowed Defendant ABCW until September 14, 2015 to engage new counsel and have counsel file a notice of appearance in this action. *Id.* at 2.

Rule 16(f), Federal Rules of Civil Procedure, provides that the Court may award sanctions, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party fails to obey a scheduling order or other pretrial order. Fed. R. Civ. P. 16(f). Those sanctions may include striking the pleadings or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

It is a long held principal that corporations must be represented by counsel because they are artificial entities that can only act through agents. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)(citing *Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981); *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir. 1982)). At least one other court in this district has stricken a defendant's pleadings and directed the clerk to enter a default against a corporation for failure to retain counsel. *See e.g., Varela v. Innovative Writing Solutions, LLC.*, 2008 WL 2700053 *1 (M.D. Fla. 2008).

Here, the Court gave Defendant ABCW from July 10, 2015, when the Court granted Defendants' counsel's motion to withdraw, until September 14, 2015 to retain new counsel. Docs. 22, 27. The Court repeatedly advised Defendant of the consequences of failing to retain new counsel. *Id.* Due to Defendant ABCW's failure to comply with the Orders, the Court recommends that Defendant ABCW's Answer and Affirmative Defense be stricken and that a clerk's default be entered against it; as Defendant ABCW cannot participate in the pending litigation without counsel.

The Court also directed both Defendant Borrega to respond to Plaintiff's discovery but he has neglected to do so. Doc. 28. In a similar case, a *pro se* defendant's answer was stricken and a default was entered for failure meet with the plaintiff to prepare the Joint Final Pretrial Statement. *See Loos v. Club Paris, LLC*, 2009 WL 1458040 (M.D. Fla. 2009). In *Loos*, the plaintiff sent a letter to the defendant reminding him of the obligation under the Case Management and

Scheduling Order to complete the pretrial statement. *Id.* at *1. The plaintiff stated that he contacted the defendant who indicated that he could not participate and lacked the resources to hire counsel. *Id.* The plaintiff subsequently filed a motion to strike the pleadings of the defendant and for entry of a default against the defendant. *Id.* The defendant responded to the motion stating that he could not afford an attorney and alleging that the plaintiff was taking advantage of his lack of legal knowledge and his inability to afford counsel. *Id.* As here, the court previously had explained to the defendant that, although he was proceeding *pro se*, he was subject to the rules of the court and the rules of civil procedure. *Id.* Consequently, the plaintiff's motion was granted, the defendant's answer was stricken and a default was entered against him. *Id.*

In this case, the Court advised Defendant ABCW and Defendant Borrega of the potential sanctions for failing to comply with the Court's Orders. Doc. 27. Moreover, unlike the Defendant in *Loos* who filed a response to Plaintiff's motion for sanctions, neither Defendant ABCW nor Defendant Borrega has responded or provided any opposition to Plaintiff's Notice of Non-Compliance nor did they respond to the Court's previous Show Cause Order (Doc. 25). The Court provided Defendants with explicit directives, and Defendants have not complied.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Clerk **STRIKE** Defendants', ABCW, LLC d/b/a Manzanillo's and Catarino A. Borrego, Answer and Affirmative Defenses (Doc. 12).

    2.    The Clerk enter a default against Defendants, ABCW, LLC d/b/a Manzanillo's and Catarino A. Borrego.

    3.    Plaintiff be directed to move for default judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record