UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES ROTH, an individual,

      Plaintiff,

v.                                      Case No: 2:14-cv-227-FtM-29CM

ABCW, LLC, a Florida limited
liability corporation and
CATARINO A. BORREGO, an
individual,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Final Default Judgment against Defendants (Doc. #33) filed on March 28, 2016.  No response has been filed and the time to respond has expired.[1]

"The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court.  Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted).  A complaint must state a claim in order for default judgment to be granted.  Id.  The Court finds that an

---

[1] Mail to Catarino Adrian Borrego, individually and on behalf of ABCW, LLC was returned as undeliverable in June 2016, and mail was not resent as unable to forward.

evidentiary hearing is not required in this case and will render a decision based on the documents submitted.  When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact.  If liability is well pled, it is established by virtue of a default judgment.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

## I.

Plaintiff James Roth (plaintiff) seeks the entry of judgment against defendants ABCW, LLC dba Manzanillo's (ABCW) and Catarino A. Borrego (Borrego) (collectively, defendants) for failure to pay minimum and overtime compensation under the Fair Labor Standards Act 29 U.S.C. §§ 206-207 (FLSA) (Count I and II), and for retaliation under 29 U.S.C. § 215(a) (Count III and IV).

Plaintiff filed his Complaint (Doc. #1) on April 21, 2014, and defendants filed an Answer (Doc. #12) on August 15, 2014. Counsel for both defendants moved to withdraw on July 6, 2015. (Doc. #21.)  The Court granted the motion, directed Borrego to retain new counsel, or to notify the Court that he intended to proceed *pro se*, and instructed ABCW to retain new counsel because corporations cannot represent themselves under the Local Rules. (Doc. #22, ¶ 2.)  The Court expressly stated that failure to comply with the Court's Order may result in a default being entered against defendants.  (Id.)

Defendants failed to comply with the Order, and on August 17, 2015, the Magistrate Judge issued an Order to Show Cause.  (Doc. #25.)  Finding no response, the Magistrate Judge issued a Report and Recommendation (Doc. #29) recommending that a default be entered against defendants.   The undersigned adopted the recommendation, and directed the Clerk to strike the Answer and Affirmative Defenses and to enter a default.   (Doc. #30.) Consequently a Clerk's Entry of Default (Doc. #31) was entered against defendants on February 3, 2016.  Therefore, plaintiff has complied with the necessary prerequisite under Fed. R. Civ. P. 55(a) for a default judgment.

## II.

### A. FLSA Overtime Wage Violations

Counts I and II of the Complaint allege defendants failed to pay plaintiff minimum wage in violation of the FLSA.  (Doc. #1, ¶¶ 18-37.)   FLSA requires employers to pay their employees at least the federal or state minimum wage, whichever is greater, for every hour worked.  See 29 U.S.C. §§ 206, 218(a).  Thus the lowest wage defendants could have paid plaintiff in 2013 was $7.79 an hour.[2]  To establish a prima facie case for overtime compensation,

---

[2] See 29 U.S.C. § 206(a)(1)(C) (establishing a federal minimum wage of $7.25 an hour effective July 24, 2009).  See also Isaula v. Chi Rest. Grp., LLC, No. 13-cv-24387-JLK, 2014 WL 3477917 n.3 (S.D. Fla. July 11, 2014) (indicating that the State of Florida minimum wage in 2013 was $7.79 an hour).

a plaintiff must show: (1) defendant employed them; (2) defendant is an enterprise engaged in interstate commerce covered by the FLSA; (3) plaintiff worked in excess of a 40-hour workweek; and (4) defendant did not pay overtime wages to him.  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The Eleventh Circuit has held "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  Patel v. Wargo, 803 F.2d 633, 637-38 (11th Cir. 1986).

In the Complaint, plaintiff pled that he was a salaried non-exempt employee of ABCW, and was hired on or about August 9, 2013, and terminated four weeks later on September 5, 2013.  (Doc. #1, ¶ 9, 12, 15, 19.)  Plaintiff provided the same information in his Responses to Court's Interrogatories (Doc. #17, ¶ 1).  Defendant Borrengo has an ownership stake in and maintained operational control of ABCW, a restaurant in Naples, Florida, at the time that plaintiff was employed as an assistant manager.  (Doc. #1, ¶¶ 3-4, 9.)  Plaintiff engaged in interstate commerce by making telephone calls and processing credit card transactions as part of his employment.  (Id., ¶ 5.)  Plaintiff was required to regularly work 40 hours per week without compensation for the overtime hours, and without any wages for several weeks.  (Id., ¶¶ 13-14.)

Pursuant   to   plaintiff's   sworn   Answers   to   Court's
Interrogatories (Doc. #17), plaintiff stated that he was a Front
of House Manager who averaged 10 hours a day, 6 days a week, with
a regular rate of pay that was supposed to be $47,000 a year, but
plaintiff only received $400 a week.  Plaintiff stated that he was
misclassified and paid at a rate of $7.69 an hour, and that he is
owed $2,216.66 for the 4 weeks of work, and overtime compensation
for  48  hours  of  overtime  totaling  $542.40.   In  plaintiff's
Declaration (Doc. #33-1), plaintiff declares that the annual gross
income of ABCW was in excess of $500,000, and ABCW refused to
respond to requests for records on this issue.  (Id., ¶ 5.)
Borrego owns and controls ABCW, and regularly required plaintiff
to work in excess of 40 hours per workweek without compensating
for overtime hours.  (Id., ¶¶ 6, 8.)  Plaintiff states that he was
not paid $2,759.06 of minimum wage and overtime wages.  (Id., ¶
12.)

"As  a  general  rule,  the  FLSA  provides  that  employees  are
entitled to receive overtime pay at one and one-half times their
regular rate for all hours worked in excess of forty per week."
Avery v. City of Talladega, Ala., 24 F.3d 1337, 1340 (11th Cir.
1994) (referencing 29 U.S.C. § 207(a)(1)).  While plaintiff has
not produced any time sheets or time cards, "the employee has
carried out his burden if he proves that he has in fact performed
work for which he was improperly compensated and if he produces

sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1373 (11th Cir. 1999) (citations omitted).  In this case, plaintiff signed sworn interrogatories as to this hours and wages.  The Court finds that plaintiff has adequately pled the failure to pay overtime wages under the FLSA, which allegations are deemed admitted.  In the motion, plaintiff only asserts a claim for the unpaid overtime wages in the amount of $542.40, plus an equal amount for authorized liquidated damages. This amount was reached by using the hourly rate that plaintiff was paid, multiplied by time and one half for the overtime rate. However, the hourly rate is below the legal minimum wage rate of $7.79 an hour (multiplied by time and one half) for an hourly rate of $11.69 an hour for the 48 hours claimed.  The Court will grant the motion as to the requested overtime wages ($561.12) and an equal amount for liquidated damages[3] ($561.12) for a total of ($1,122.24) as to Counts I and II.

**B. FLSA Retaliation Claims**

In Counts III and IV of the Complaint (Doc. #1), plaintiff alleges retaliation in violation of the FLSA.  In order to show a

---

[3] Under the FLSA, liquidated damages are mandatory unless the employer can show that it acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA overtime requirement. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988).

prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the employer, (3) a causal connection existed between his protected activity and the adverse action by the employer.  Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000).

Plaintiff pled that he was discharged in direct response to his seeking enforcement and correction of ABCW's refusal to pay proper wages, and by seeking enforcement and correction in writing, plaintiff engaged in protected activity.  (Doc. #1, ¶¶ 39-40.) Plaintiff suffered an adverse employment action, his termination from employment, as a direct result of seeking proper payment under the FLSA.  (Id., ¶¶ 41-42.)  Plaintiff further pled that his discharge by Borrego was in direct response to him seeking enforcement and correction of his wages in writing, a protected activity under 29 U.S.C. §215(a).  (Id., ¶¶ 44-46.)  As a result, plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity.  (Id., ¶ 47.)

Pursuant to plaintiff's sworn Answers to Court's Interrogatories (Doc. #17), plaintiff states that he was a Front of House Manager who averaged 10 hours a day, 6 days a week, with a regular rate of pay that was supposed to be $47,000 a year, but plaintiff only received $400 a week.  Plaintiff asserted that he

was only paid $1,600 a month, which amount should have been $3,916.66 a month based on the $47,000 salary.  (Doc. #17, ¶ 7.)

In plaintiff's Declaration (Doc. #33-1), plaintiff states that he quit a job that paid $750.00 to accept employment at ABCW's Mexican restaurant.  (Id., ¶ 3.)  Borrego owns and controls ABCW, and regularly required plaintiff to work in excess of 40 hours per workweek without compensating for overtime hours.  (Id., ¶¶ 6, 8.) Plaintiff states that ABCW also failed to pay any wages for several weeks, to which plaintiff objected, and plaintiff was subsequently terminated.  (Id., ¶¶ 9-10.)  Plaintiff was scheduled to work from 9:00 a.m. through 8:00 p.m., Monday through Friday, and as needed. (Id., ¶ 11.)  Plaintiff states that he was not paid $2,759.06 of minimum wage and overtime wages.  (Id., ¶ 12.)  As a result, plaintiff alleges that he lost $131,208.78 in wages, and that he has earned $87,210.24, since the termination.  (Id., ¶¶ 13-14.) The current employment pays at a rate of $1,794.74, and defendants were supposed to pay plaintiff $3,916.66.  (Id., ¶ 15.)

The Court finds that Counts III and IV of the Complaint adequately plead retaliation in violation of the FLSA, and when deemed admitted are sufficient to support a default judgment on both counts.   In the Complaint, plaintiff seeks liquidated damages, costs, interest, and attorney's fees in the Complaint.

## C. Retaliation Damages

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  The Eleventh Circuit has determined that as applied to a Section 215(a)(3) retaliation claim, an award of liquidated damages is discretionary, and that it "gives the district court discretion to award, or not to award, liquidated damages, after determining whether doing so would be appropriate under the facts of the case."  Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1243 (11th Cir. 2013).  "[T]he liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages."  Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000).  Therefore, damages are intended to compensate plaintiff, and punitive damages are not included.  Id.

*Back Pay*

Plaintiff seeks $131,208.78 in back wages from his termination date and for the 134 weeks he was out of work, at a rate $979.17 a week.  Plaintiff has since earned $87,210.24, and

therefore the total amount of damages sought is reduced to $43,998.54, plus an equal amount for liquidated damages.

"The language of Section 216(b) plainly calls for a deduction of interim earnings from gross back pay allowable as wages lost due to a retaliatory discharge.  Liquidated damages are then an additional *equal* amount.  That is, liquidated damages should equal net back pay."  EEOC v. White & Son Enters., 881 F.2d 1006, 1013 (11th Cir. 1989) (emphasis in original).

Based on the allegations deemed admitted, the Court will award plaintiff back pay in the amount of $43,998.54, as well as an equal amount in liquidated damages.

*Front Pay*

Plaintiff asserts he should be awarded front pay in the amount of $25,463.04 based on defendants' retaliatory behavior of terminating him for engaging in protected activity, and for a period of 12 months.  "Front pay may be particularly appropriate in lieu of reinstatement where discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy."  Goldstein v. Manhattan Indus., 758 F.2d 1435, 1449 (11th Cir. 1985).  However, the Eleventh Circuit has indicated that Courts must be careful when awarding front pay as it can overcompensate a plaintiff, and that it is "warranted only by egregious circumstances."  See Lewis v. Fed. Prison Indus., Inc., 953 F.2d 1277, 1281 (11th Cir. 1992).  "The duty to mitigate

damages by seeking employment elsewhere will, of course, limit the amount of front pay available." <u>Castle v. Sangamo Weston, Inc.</u>, 837 F.2d 1550, 1562 (11th Cir. 1988).

In this case, plaintiff was hired and fired in just over a month, there is no indication of what efforts plaintiff took to mitigate his damages, if any, during the 134 weeks of unemployment, and also no information of when plaintiff started his new/current job.   The Court finds that plaintiff is being generously compensated through the back pay award, and the Court exercised its discretion to award liquidated damages.   The Court declines to also award front pay in this case.

Accordingly, it is hereby

**ORDERED:**

A. Plaintiff's Motion for Final Default Judgment against Defendants (Doc. #33) is **GRANTED IN PART.**   The Clerk shall enter default judgment in favor of plaintiff and against defendants on all counts as follows:

1. As to Counts I and II, unpaid overtime compensation in the amount of $561.12, and an equal amount for liquidated damages in the amount of $561.12, for a total of $1,122.24;

2. As to Counts III and IV, back pay in the amount of $43,998.54, plus an equal amount in liquidated damages, for a total of $87,997.08.

      3. Front pay is **DENIED**.

  B. The Clerk is further directed to terminate all pending matters and to close the file.

  C. Any motion for attorney's fees and/or costs shall be filed within **FOURTEEN (14) DAYS** of the entry of judgment.

    **DONE and ORDERED** at Fort Myers, Florida, this   30th   day of November, 2016.

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Records

- 12 -